IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware Corporation, Plaintiff, v. YDI WIRELESS, INC., a Delaware Corporation, d/b/a TERABEAM WIRELESS, d/b/a PROXIM WIRELESS, PROXIM WIRELESS CORPORATION, a Delaware Corporation, and TERABEAM CORPORATION, a Washington Corporation, Defendants. | Civil Action No. 05-_____ **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Symbol Technologies, Inc. ("Symbol"), by its undersigned attorneys, as and for its Complaint against defendants YDI Wireless, Inc. ("YDI"), Proxim Wireless Corporation ("Proxim Wireless Corp."), and Terabeam Corporation ("Terabeam Corp."), alleges as follows:

1. This is an action for infringement of United States Letters Patent Nos. 5,029,183 ("the '183 Patent"), 5,479,441 ("the '441 Patent"), and 6,473,449 ("the '449 Patent") (collectively, the "Symbol Patents"). Copies of the Symbol Patents are annexed hereto as Exhibits 1 through 3, respectively.

## THE PARTIES

2. Symbol is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Symbol Plaza in Holtsville, New York 11742-1300. Symbol is a global leader in secure mobile information systems that integrate application-specific hand-held computers with wireless networks for data, voice and bar code data capture. Symbol's product lines include bar code scanning and data capture systems, hand-held and fixed mount mobile computers, and wireless local and wide-area networks.

3. On information and belief, YDI is a corporation organized under the laws of the State of Delaware, with its principal place of business at 2115 O'Nel Drive, San Jose, CA 95131. YDI designs, manufactures, and sells wireless networking products.

4. According to its press announcements and public filings, YDI also operates under the business names "Proxim Wireless" and "Terabeam Wireless."

5. On information and belief, Proxim Wireless Corp. is a corporation organized under the laws of the State of Delaware with its principal place of business at 2115 O'Nel Drive, San Jose, California 95131. Proxim Wireless Corp. designs, manufactures, and sells wireless networking products.

6. On information and belief, Terabeam Corp. is a corporation organized under the laws of the State of Washington with its principal place of business at 8000 Lee Highway, Falls Church, Virginia 22042. Terabeam Corp. designs, manufactures, and sells wireless networking products.

7. On information and belief, in addition to YDI's individual operations under the business names "Proxim Wireless" and "Terabeam Wireless," Proxim Wireless Corp. and Terabeam Corp. are also wholly-owned subsidiaries of YDI.

## JURISDICTION AND VENUE

8. This action arises under the Patent Laws of the United States, Title 35, United States Code §§ 101, et seq.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has personal jurisdiction over YDI and Proxim Wireless Corp. in that each is a Delaware corporation. Additionally, on information and belief, YDI, Proxim Wireless Corp., and Terabeam Corp. regularly transact business in this District by, inter alia, selling and offering for sale products that infringe one or more of the Symbol Patents.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE SYMBOL PATENTS

11. On July 2, 1991, the '183 Patent, entitled "Packet Data Communication Network," was duly and legally issued to LaRoy Tymes. All rights, title and interest in the patent were assigned to Symbol, which remains the sole owner.

12. On December 26, 1995, the '441 Patent, entitled "Packet Data Communication Network," was duly and legally issued to LaRoy Tymes and John Kramer. On October 22, 2002, a petition was granted by the United States Patent & Trademark Office to remove Mr. Kramer as

a named inventor. All rights, title and interest in the patent were assigned to Symbol, which remains the sole owner.

13. On October 29, 2002, the '449 Patent entitled "High-Data-Rate Wireless Local-Area Network" was duly and legally issued to John H. Cafarella and Jeffrey H. Fischer. All rights, title and interest in the patent were assigned to Proxim, Inc., and were subsequently assigned to Symbol, which remains the sole owner.

## BACKGROUND OF THE PROXIM LITIGATION

14. In or about December 2001, Symbol filed an action in this Court against Proxim, Inc. ("Proxim"), CA 01-801-SLR ("the Proxim Litigation"). In the Proxim Litigation, Symbol asserted that certain products manufactured and sold by Proxim infringed certain Symbol patents, including the '183 Patent and the '441 Patent (together referred to herein as the "Tymes Patents").

15. On September 12, 2003, a jury rendered its verdict in favor of Symbol finding that the accused Proxim products, including those that were manufactured and sold under the ORiNOCO trade name and which are compliant with the IEEE 802.11 wireless standard (the "ORiNOCO Products"), infringe the Tymes Patents. In its verdict, the jury awarded Symbol a 6% reasonable royalty on all of Proxim's sales of infringing products, including the ORiNOCO Products. Proxim had previously stipulated to entry of judgment as a matter of law that the Tymes Patents are not invalid.

16. On July 28, 2004, this Court issued an Opinion and Order rejecting Proxim's equitable defenses of laches and estoppel, and requiring Proxim to pay Symbol $22,865,447 in

damages and awarding Symbol prejudgment interest in the amount of $3,052,192 (the "Order"). On August 4, 2004, this Court entered judgment in favor of Symbol in accordance with the Order (the "Judgment").

17. Following the Judgment in Symbol's favor, Symbol and Proxim entered into discussions which resulted in a settlement of the Proxim Litigation effective September 13, 2004 (the "Settlement"). Under the Settlement, Proxim, which was then in serious financial difficulty, agreed to pay Symbol most of the Judgment over time. Proxim and Symbol also entered into a Patent Cross License Agreement pursuant to which, inter alia, Proxim agreed to pay Symbol a running royalty on Proxim's future sales of products covered by the Tymes Patents, including the ORiNOCO Products.

18. In July 2005, after paying Symbol some but not all of the settlement amount, Proxim filed for protection under the Bankruptcy code in the Bankruptcy Court for this District.

19. On July 22, 2005, YDI announced that it would acquire substantially all of Proxim's assets, including the ORiNOCO Products found to infringe the Tymes Patents. The acquisition was approved by the Bankruptcy Court, and completed on or about July 28, 2005.

20. According to YDI's press announcements, as a result of YDI's acquisition of Proxim, the company formerly known as Proxim, Inc. now operates as a wholly-owned subsidiary of YDI under the name Proxim Wireless Corporation.

21. Significantly, YDI did not acquire the Patent Cross License Agreement between Symbol and Proxim which included the Tymes Patents. Thus, YDI's sales of 802.11 compliant products, including the ORiNOCO Products are unlicensed. Nevertheless, YDI, Proxim

Wireless Corp., and Terabeam Corp. continue to make, use, sell and offer for sale the Proxim ORiNOCO Products found to infringe the Tymes Patents.

22.    Counsel for Symbol has communicated with counsel for YDI pointing out that it is unlicensed, and offering to grant YDI a license for its 802.11 infringing products, including the ORiNOCO Products. To date, YDI has refused to take a license and refused to pay royalties to Symbol on its sales of infringing products, including the ORiNOCO Products.

## COUNT 1

### (Infringement of the Tymes Patents by Defendants' Proxim Brand 802.11 Products)

23.    Symbol repeats and re-alleges paragraphs 1 – 22 hereof as if fully set forth herein.

24.    On information and belief, YDI, Proxim Wireless Corp., and Terabeam Corp. continue to manufacture and/or sell Proxim products under Proxim's ORiNOCO brand name.

25.    YDI, Proxim Wireless Corp., and Terabeam Corp. have infringed and continue to infringe, have induced and continue to induce others to infringe, and/or have committed and continue to commit acts of contributory infringement of, one or more claims of each of the Tymes Patents by the manufacture and/or sale of at least the following Proxim products: ORiNOCO 11 a/b/g ComboCard, ORiNOCO 11a/b/g PCI Card, ORiNOCO 11b/g PC Card, ORiNOCO 11b Client PC Card, ORiNOCO 11b PCI Adapter, ORiNOCO 11b USB Adapter, ORiNOCO ISA and PCI Adapter, ORiNOCO Classic Gold PC Card, ORiNOCO AP-4000M Access Point, ORiNOCO AP-4900M Access Point, ORiNOCO AP-700 Access Point, ORiNOCO AP-4000 Access Point, ORiNOCO AP-600 Access Point, ORiNOCO AP-2000

Access Point, ORiNOCO AP-2500 Access Point, ORiNOCO AP-2000 11b/g Kit, and ORiNOCO AP-2000 11a Kit.

26. In light of the Judgment, of which YDI, Proxim Wireless Corp., and Terabeam Corp. are fully aware, YDI's, Proxim Wireless Corp.'s, and Terabeam Corp.'s foregoing acts of infringement of the Tymes Patents were, and continue to be, willful and deliberate.

27. As a result of YDI's, Proxim Wireless Corp.'s, and Terabeam Corp.'s infringement, inducement of infringement and/or contributory infringement of the Tymes Patents, Symbol has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless YDI's, Proxim Wireless Corp.'s, and Terabeam Corp.'s infringing activities are enjoined by this Court.

28. Symbol does not have an adequate remedy at law, and, unless an injunction pursuant to 35 U.S.C. § 283 is issued, preliminarily and permanently enjoining YDI, Proxim Wireless Corp., and Terabeam Corp. and their agents, servants, employees, attorneys, representatives, and all others acting on their behalf, from infringing the Tymes Patents, Symbol will be greatly and irreparably harmed.

## COUNT 2

**(Infringement of the '449 Patent by Defendants' Proxim Brand 802.11 Products)**

29. Symbol repeats and re-alleges paragraphs 1 – 28 hereof as if fully set forth herein.

30. On information and belief, YDI, Proxim Wireless Corp., and Terabeam Corp. continue to manufacture and/or sell Proxim products under Proxim's ORiNOCO brand name.

31.   YDI, Proxim Wireless Corp., and Terabeam Corp. have infringed and continue to infringe, have induced and continue to induce others to infringe, and/or have committed and continue to commit acts of contributory infringement of, one or more claims of the '449 Patent by the manufacture and/or sale of at least the following Proxim products: ORiNOCO 11 a/b/g ComboCard, ORiNOCO 11a/b/g PCI Card, ORiNOCO 11b/g PC Card, ORiNOCO 11b Client PC Card, ORiNOCO 11b PCI Adapter, ORiNOCO 11b USB Adapter, ORiNOCO ISA and PCI Adapter, ORiNOCO Classic Gold PC Card, ORiNOCO AP-4000M Access Point, ORiNOCO AP-4900M Access Point, ORiNOCO AP-700 Access Point, ORiNOCO AP-4000 Access Point, ORiNOCO AP-600 Access Point, ORiNOCO AP-2000 Access Point, ORiNOCO AP-2500 Access Point, ORiNOCO AP-2000 11b/g Kit, and ORiNOCO AP-2000 11a Kit.

32.   On information and belief, YDI's, Proxim Wireless Corp.'s, and Terabeam Corp.'s foregoing acts of infringement of the '449 Patent were, and continue to be, willful and deliberate.

33.   As a result of YDI's, Proxim Wireless Corp.'s, and Terabeam Corp.'s infringement, inducement of infringement and/or contributory infringement of the '449 Patent, Symbol has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless YDI's, Proxim Wireless Corp.'s, and Terabeam Corp.'s infringing activities are enjoined by this Court.

34.   Symbol does not have an adequate remedy at law, and, unless an injunction pursuant to 35 U.S.C. § 283 is issued, preliminarily and permanently enjoining YDI, Proxim Wireless Corp., and Terabeam Corp. and their agents, servants, employees, attorneys,

representatives, and all others acting on their behalf, from infringing the '449 Patent, Symbol will be greatly and irreparably harmed.

## COUNT 3

### (Infringement of the Symbol Patents by Defendants' Terabeam Brand 802.11 Products)

35. Symbol repeats and re-alleges paragraphs 1 – 34 hereof as if fully set forth herein.

36. YDI, Proxim Wireless Corp., and Terabeam Corp. have infringed and continue to infringe, have induced and continue to induce others to infringe, and/or have committed and continue to commit acts of contributory infringement of, one or more claims of each of the Symbol Patents by the manufacture and/or sale of at least the following products sold under the Terabeam trade name: TeraStar™ EtherAnt, TeraStar™ AP-Plus, TeraStar™ AP-Ant, TeraStar™ WIPOP-In-a-Box, TeraStar™ T-POP, TeraStar BRIB Turbo™ and TeraStar™ BRIB Turbo LR.

37. In light of the Judgment, of which YDI, Proxim Wireless Corp., and Terabeam Corp. are fully aware, YDI's, Proxim Wireless Corp.'s, and Terabeam Corp.'s foregoing acts of infringement were, and continue to be, willful and deliberate.

38. As a result of YDI's, Proxim Wireless Corp.'s, and Terabeam Corp.'s infringement, inducement of infringement and/or contributory infringement of the Symbol Patents, Symbol has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless YDI's, Proxim Wireless Corp.'s, and Terabeam Corp.'s infringing activities are enjoined by this Court.

39. Symbol does not have an adequate remedy at law, and, unless an injunction pursuant to 35 U.S.C. § 283 is issued, preliminarily and permanently enjoining YDI, Proxim Wireless Corp., and Terabeam Corp. and their agents, servants, employees, attorneys, representatives, and all others acting on their behalf, from infringing the Symbol Patents, Symbol will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Symbol prays for judgment and relief against YDI, Proxim Wireless Corp., and Terabeam Corp.:

A.  Declaring that YDI, Proxim Wireless Corp., and Terabeam Corp. have infringed, induced others to infringe, and/or committed acts of contributory infringement with respect to claims of each of the Symbol Patents;

B.  Declaring that YDI's, Proxim Wireless Corp.'s, and Terabeam Corp.'s infringement of each of the Symbol Patents has been, and continues to be, willful and deliberate;

C.  Preliminarily and permanently enjoining YDI, its subsidiaries, including but not limited to Proxim Wireless Corp. and Terabeam Corp., and its officers, agents, servants, employees, licensees, and all other persons acting or attempting to act in active concert or participation with them or acting on their behalf, from further infringement, inducement of infringement, or contributory infringement of any of the Symbol Patents;

D.  Directing that YDI, Proxim Wireless Corp., and Terabeam Corp. account for and pay to Symbol all damages caused to Symbol by reason of YDI's, Proxim Wireless Corp.'s, and

Terabeam Corp.'s infringement pursuant to 35 U.S.C § 284, including enhanced damages thereunder;

E.  Directing YDI, Proxim Wireless Corp., and Terabeam Corp. to pay Symbol's costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285;

F.  Awarding Symbol pre-judgment and post-judgment interest on the damages awarded to it by reason of YDI's, Proxim Wireless Corp.'s, and Terabeam Corp.'s infringement; and

G.  Granting Symbol such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Symbol hereby demands trial by jury on all issues in its Complaint.

                CONNOLLY BOVE LODGE & HUTZ LLP

                By: _/s/ Arthur G. Connolly, III_
                Arthur G. Connolly, III (#2667)
                1007 N. Orange Street
                Wilmington, Delaware 19899
                (302) 658-9141
                Attorneys for Plaintiff
                Symbol Technologies, Inc.

*Of Counsel*:

Eric J. Lobenfeld
Ira J. Schaefer
Robert J. DeMento
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022

Dated: October 28, 2005